Are you ready to proceed? Yes, sir. All right. The counsel is moving the argument now. Please step forward to this order. Good morning, Your Honor. This is Michael Griffin for the Plaintiff, FFLE, the Habitat Company, LLC. This is a Supreme Street deposit. Good morning, Your Honor. This is Joseph Becker for Appellant Shun Peoples. My name is Nina Terabessi, also representing Shun Peoples. I'm sorry. My name is Nina Terabessi, also representing Shun Peoples. All right. Just as a reminder, the microphone is for recording purposes only. It doesn't amplify, so please keep your voices up, okay? And, Mr. Becker, are you going to be over in a minute? Your Honor, Ms. Terabessi and I are certified law students, and we have prepared to split time. I can introduce and discuss the legislative history. Ms. Terabessi will apply the statute to the facts of the case. I will not take rebuttal, if that's all right with the Court. All right. Fifteen minutes apiece, okay? All right. You don't have to be in fifteen minutes. Okay. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. My client, Ms. Shun Peoples, moved to seal this court file under 735 ILCS 9-121B, which the lower court denied. This statute is a sealing statute added as a 2010 amendment to the Forcible Entry and Detainer Act. The lower court erred because it misinterpreted this statute. Because this is an issue of statutory interpretation, we review the lower court's decision de novo. This statute provides for discretionary sealing of eviction cases. The plain language of the statute is ambiguous and can be read two ways. Did the court misinterpret the statute? Yes, Your Honor. The court read an and into the statute. Did the court believe that it must find that the action was without a basis in factor law and sealing was in the interest of justice? We contend and will show today that the statute should be read with an or reading, that the file may be sealed if the file is without a basis in factor law or if sealing is in the interest of justice. Because the plain language is ambiguous between the or reading and the and reading, we can look to the history and purpose behind the statute, which clearly supports and shows that the or reading is correct. And where specifically are you arguing that the or should be in terms of looking at the statute? Yes, Your Honor. The statute provides in Section B, the court may order that a court file may be placed under seal if the court finds that the plaintiff's action is sufficiently without a basis in factor law or that placing the court file under the seal is clearly in the interest of justice and those interests are not outweighed by the public's interest in knowing about the record. So the or would come in after the without a basis in factor law. So the court, in deciding to seal a file, can find one of these two things. And the reason that we read the or in is because the legislative history clearly shows that when the Illinois legislature passed the statute, the purpose was to create an easier standard than under common law sealing. To read in the and is counter to this purpose. It creates a higher standard. That's why we look to the or. And this will, in fact, be the first appellate interpretation of the statute, which provides clarity on what the meaning of this case is. So the trial court basically worked out that there was three elements that needed to be satisfied in the Section B provision, correct? Yes, Your Honor. So what you're telling us is that we should only look at two elements, not three. You should look at, you can look at two elements, two separate elements, and you can see under either circumstance when there's without a basis in factor law or when the interest of the public, when the interest of sealing, interest of justice, outweigh the interest of the public's knowledge. Before going into the history and purpose, would Your Honor accept a brief recitation of the facts? Not at this point. So I would like to briefly address jurisdiction. The appellate court has jurisdiction because this was a final order, the motion to seal, and Illinois appellate courts have held that orders to seal and unseal court files are final appealable orders. The trial court had jurisdiction because this was a freestanding collateral action. The key case here is People v. Mingo, which is a second district case from 2010. And why should we look at this as a freestanding collateral action? So there's a couple reasons, Your Honor. First is that People v. Mingo is determinative on this issue. It shows that when we look at whether an action is freestanding or collateral, we look to the language in the statute. And when the language is clear, courts should not read in exceptions or limitations. In Mingo, the statute allowed courts to revoke fines. The statute said that the court, this was 735 ILCS 592. I'm sorry, I'm being interrupted. But in Mingo, isn't the court indicating that you can do that when there is a post-conviction petition or if it's pursuant to 214.01, which we don't have in either situation here with this case. The court listed those as examples of freestanding collateral action, but it provided a framework for how to determine whether another statute may provide a freestanding collateral action. And this statute meets that framework because there's no limitations. To read in a 30-day limitation on the statute would be counter to the intent of the legislature. The legislature did not put in a 30-day limitation after judgment, and that's exactly what Mingo held, that when the legislature doesn't impose that such limitation, we don't read it into the statute. This sort of ruling is also a dictionary definition of collateral. The last law dictionary provides that a collateral action is something that is supplementary or accompanying. A motion to seal, it doesn't reopen the judgment. It doesn't go to the merits of the judgment. It's an accompanying decision by the trial court. Moving now into the merits, it's important to place the sealing statute in the context of common law sealing. Illinois courts have long had discretion to seal cases under common law. Do you think that the common law applies in this particular cause of action? I mean, the origins of this case is a statute that's in derogation of the common law. It's strictly read. And now the legislature has spoken in the area of sealing. So would the common law even apply here? Yes, Your Honor. The court also has discretion to seal under common law. There's a similar statute passed in Minnesota that allows for discretionary sealing of court files, and Minnesota courts have sealed under common law as well as that statute. Since the enactment? Since the enactment of that statute. It was a similar issue where rather than interpreting the statute, courts chose to seal under common law. So courts do have discretion under common law to seal. You could invoke that discretion to seal under common law today. As held in the United States Supreme Court in Nixon v. Warner Communications and the Illinois Supreme Court in Skolnik v. Alzheimer and Gray, a court file should be sealed when it becomes a vehicle for an improper purpose. And clearly in this case, Ms. Peoples' file has become a vehicle for an improper purpose. What is the improper? I mean, I know that from your position it has caused, it has had adverse impact on your client. Yes. But a landlord that goes and looks at a common law or the record, where is the improper act in doing that? Yes, Your Honor. So this type of housing denial is common practice for landlords. As we cited in our brief, it's common practice for landlords to run these searches and then summarily deny when any sort of eviction match turns up. So landlords don't look at the disposition of cases. Landlords don't look at whether cases were settled, as with our client, Ms. Peoples, whether claims were dismissed on summary judgment. Landlords simply deny the application without a second glance. And that's the crux of the improper purpose. It's like rejecting a job applicant simply because he was arrested, even if the jury acquitted or if the case was dismissed. It's this idea of guilty before proven innocent. If mere allegations are brought against a tenant, then those allegations remain on the tenant's record and landlords will summarily deny. They don't look to see whether they were outed. Without any type of other, you know, illicit purpose or in time-safe discrimination, if a landlord sees that, you know, I just don't want to deal with someone who has this issue in their background, isn't it within their discretion in a business-like decision? So what happens here is that when a landlord can bring a frivolous claim against a client, a claim that's not proven up, they're mere allegations that have never been proven. And then a future landlord can rely on these unproven allegations, as in this case, the case was settled and never went to trial, the claims were never proven, to deny future housing. And that's against the interest of justice. It's an improper purpose. The courts have held that for an arrest where charges were dismissed, that can be cleared off the record. Because denying a job applicant that job based on an arrest that was never proven is against the interest of justice. It's an improper purpose. What about the public's interest here? I mean, all documents should be open. All documents that are in a court of law should be accessible. And so here, basically what you're saying is that then the public doesn't have access to these documents or should be able to find out what's going on with regard to these documents. Well, there are certainly cases where the public should have access. For example, if the charges had been proved, if the landlord won on the eviction and brought it to trial. But in cases where they're mere allegations that remain unproven, it's not that the public necessarily doesn't have access. It's that the Illinois legislature created a statute that gives trial courts the discretion to seal those files. And the Illinois legislature has created other statutes, like the Criminal Identification Act, which provides courts with discretion to seal arrest files. And this is a very similar idea. When passing this statute in the legislative history, Representative Fritchie explained that the purpose of the statute, and this is a quote from the House proceedings, was to protect individuals who find themselves with a black mark on their proverbial permanent record. So when the Illinois legislature was passing this, the goal wasn't to summarily deny the public access or to sway things one way or the other. The goal was to give tenants with unproven allegations that have not been brought to fruition the ability to seal those files so that they can at some point find housing in the future. Why don't you sum up your portion? Yes, and given that purpose to make an easier standard than under common law, we need to consider that purpose when applying the statute to the facts of this case, which I'm now turning to my co-counsel to do. Thank you very much, counsel. So we believe, focusing on the language of the statute, that Section 9-121B of the Eviction Act, providing for discretionary sealing of court records, should be read as creating two distinct circumstances in which a court may seal. One, if an eviction case is without a basis in fact or law, or two, if it is in the interest of justice and that interest outweighs the interest of the public in having access to the record. We believe that it can and should be read in this way because although the text of the statute is fairly ambiguous, the purpose of the statute and the intent of the legislature are not. Your fellow counsel argued that unproven allegations, it would be unfair if those were used against a tenant. So is there something in this analysis that you say, in the justice part, include a lack of merit? So we believe that that goes to the first part of the test, whether there's a basis in fact or law. We believe that unproven allegations would have no basis in fact. But again, if your court is reading it as must find one or the other, that means that if a case has settled or if a tenant has won an eviction case, you don't need to consider the basis of fact or law issue. You can jump immediately to this balancing test and determine the matter. And that's what we have here, right? This case was resolved. There was an agreement between the parties. Correct. This was four allegations. Three of them were dismissed in summary judgment, and then one of them was settled between the two parties. And now Ms. Peoples is moving to seal that record. So we believe, and I can go into the distinction between basis in fact or law or the balancing test, or I can focus more on the balancing test. Right. You'll focus on the balancing test. Sure, sure. So I think however you view our statutory interpretation or whether you find that there are three elements or whether you're just considering this Court's inherent authority to seal under common law, it all comes back to this balancing test. It comes back to a test that's very similar to that under common law, and it's this idea of do the interests of justice outweigh the interests of the public. And we feel that in this case, on this issue, the interests of justice overwhelm the interests of the public in having access to the record. Now, my co-counsel has mentioned the Supreme Court decision in Nixon v. Warner and this idea that it's proper to seal if it's evident that a court file will become a vehicle for improper purposes. And we know that landlords are rejecting tenants. They're blacklisting tenants on the basis of an eviction record. They're not checking to see if the tenant had a valid claim or defense. They're not checking to see if the landlord moved to evict in retaliation. They're not checking to see if the issue was so minor that both parties were able to come to an agreement without involving the court. They see that there's an eviction on the record, and they automatically dismiss that tenant. And we know that this is something that's happening because this is precisely what happened to Ms. Peoples at least four times when she attempted to move. Are property owners also entitled to this information? Are they entitled to know, you know, this person doesn't pay their rent? Am I taking on a risk? Sure. That's a fair question, and we feel that if a tenant were to be found at fault, then that would be a stronger case that the public has an interest, specifically landlords have an interest in knowing about tenants and knowing about this risk that they are potentially assuming. A case where it was such a minor disagreement that parties were able to come to an agreement out of court or a case where a tenant prevailed in the proceeding, we don't feel as though that's a landlord taking on a risk. But because of the way that they are viewing these eviction records, they are treating them as equally egregious, and we feel that that is unfair. One of the things that we noted in our brief is that over a third of cases in Cook County end in dismissal. So either the tenant has prevailed or both parties have come to a settlement agreement. Just last month, the Rulers Committee for Better Housing released a report confirming that that is actually 39 percent, which translates to, over the past four years, 15,000 tenants who wound up with an eviction on their record, despite the fact that there was never a finding against them. And the fact that they're pro se, does that play a role in these statistics that you're representing to us? If a tenant is pro se? Right, because they have limited means, right? So they might not be able to pursue the action because... If a tenant is pro se, I believe overwhelmingly landlords prevail in cases where it goes to trial and the tenant is representing themselves. But certainly if a tenant is pro se, there is more of an incentive to settle. Even if you feel as though you have a strong claim, you're not necessarily sure how to defend that claim in court. You're not necessarily sure how strong your evidence is. You don't want to take your chances in front of a jury. So there are certainly a lot of different factors at play. But we want to point out that these tenants who are winding up with an eviction record, these are tenants who exercised their rights under the RLTO and withheld rent because their apartment was in poor condition or they didn't have basic things like electricity, and the landlord moved to evict in retaliation. These are tenants who maybe had, as I mentioned, a strong case, but they're worried that they won't be able to prove it in court. They didn't take enough pictures of the issue. It's something intangible like a noxious odor. They don't want to take their chances in front of a jury, so they feel pressure to settle. These are cases like the Miss Peoples where the issue was so minor that both parties were able to sit down and come to an agreement without having to involve the courts. And in all of those cases, landlords are able to walk away to continue renting to tenants without the eviction case looming over them, but tenants in many cases cannot. In many cases, they're walking away unable to secure housing elsewhere. So in this case, why did Miss Peoples wait to ask to have the record sealed? That's a very fair question. I know that a few days after the settlement agreement, she applied for new housing, and she immediately received a letter rejecting her because there was an eviction match found. I think it's sort of hard to assess how much of an impact that's going to have on you in the future, so I think it was the point at which she had applied to two, three, four, five housing programs and been rejected all for the basis of an eviction match that it became clear to her that this was going to be an issue that was going to have a major impact on her, and that's the point at which she decided that she wanted to move to evict. All right. Why don't you sum up, please? Sure. I'm sorry. Can I go to the first element, should we find that there shouldn't be an or? The requirement in the statute that it be sufficiently without a basis in fact or law. The only argument that I can see in your briefs that you're saying is that it doesn't have that sufficient basis in fact or law is that the court no longer had jurisdiction at the time you brought the motion. I don't see any other attack on this action on that basis. Sure. So we have a few different ways of addressing that. So, one, we don't believe that this case has a basis in fact because the issues were never litigated. Again, this boils down to an unproven allegation, and it was really a he said, she said dispute. Given the intent of the legislature in drafting this statute, we don't think that that was what they contemplated when they found that a case needed to have or needed to not have a basis in fact. And then in terms of a basis in law, yes, we do believe that because jurisdiction has lapsed, there will never be a fining against mispeoples because the case was dismissed with prejudice. This case presently does not have a basis in law. And I emphasize presently because that's the text of the statute as written is in present tense, meaning that a court should look to see whether there is presently without a basis in fact or presently without a basis in law. Okay. Thank you. Just to conclude, we can't think about these eviction cases without considering all of the circumstances. What we're doing is we're telling tenants you have rights under the RLTO, you can exercise those rights, but then we're failing to protect them in the back end when they win their eviction cases or feel pressured to settle. We're telling tenants you should enter into a settlement agreement when the issue is so minor that you can just sit down and hash out a deal with your landlord without involving the courts and then tell them after the fact, I'm sorry, but this thing that you thought was relatively minor is actually going to have a major impact. And one of the things that we really wanted to stress is that this is a major impact. An eviction record prevents tenants from renting in certain communities, from renting in certain buildings, from taking advantage of certain things like senior housing. It means that often a tenant can't be picky or demanding. They have to settle for substandard housing conditions because they don't have any other options. It has a major impact on the lives of tenants and their families. And today we're not even talking about tenants who have done anything wrong. We're not talking about tenants who were found at fault under the court. We're talking about tenants who prevailed or settled. And that, we feel, is the very definition of a court file becoming a vehicle for improper purposes. It's jeopardizing access to safe, affordable housing, which I think is something that is so fundamental to everyone in this court. So once again, we're asking that you seal Ms. Peoples' file and that you publish this decision with her name redacted so that it may serve as precedent for other cases in Cook County and Illinois. Thank you. Thank you. Good morning, Your Honors. My name is Martin Griffin. I represent the plaintiff's affiliate in this matter, the Habitat Company LLC. May it please the Court, I want to sincerely thank you for your time this morning and for this extraordinary opportunity. Your Honors, I was actually asking one of two things, either to dismiss this appeal for lack of jurisdiction or to affirm the trial court's order because the trial court did not abuse its discretion in denying the motion to seal the court file in this case. Now, as far as jurisdiction goes, the parties entered into an agreed settlement order on August 3rd, 2015 and agreed that the trial court would retain jurisdiction until December 31st, 2016. So by agreeing that the parties set forth in a court order, public recordation of their private agreement, that the trial court would only retain jurisdiction through December 31st, 2016, the motion to seal was filed in March 2017. When jurisdiction respectfully lapsed. Counsels are arguing that there's an exception that's applicable here. They're arguing that the statute should be read as providing no present basis, having no present basis in law, which means no present jurisdiction over the court respectfully. I think that's an improper reading of the statute because it opens the floodgate to every single case, every single eviction case from the beginning of time to the present. I think Justice Ray is referring that they're arguing it's a collateral matter. It's a collateral matter. It certainly isn't. We're talking about a trial court being required to make a finding that an action is sufficiently without a basis in fact or law. That goes directly to the merits of the case, and most importantly, it goes to an issue that could subject an attorney or client to Rule 137 sanctions. I mean, that's the very essence of Rule 137 is an action is without a basis in fact or law. For a trial court to make a finding under 9-121B here that an eviction case lacks a sufficient basis in fact or law, that is directly exposing that attorney or client to sanctions under Rule 137. So I think that is a – I don't think that is a collateral matter as a result because it goes directly to the merits of the action. Respectfully, moving on to why we're respectfully asking the court to either dismiss the action for lack of jurisdiction, or I'm sorry, dismiss this appeal for lack of jurisdiction, or affirm the trial court's judgment. For one reason, this motion constitutes what I would consider an improper attempt to unilaterally modify the party's agreed settlement order. When the parties settled this matter in August 2015, they could have included a term or provision sealing the court file on this matter. I was the attorney of record, Ms. McBeth and I were both counsels of record. We drafted this agreed order. We did not include in this agreed order by its plain terms a provision sealing the court file for a defendant to then wait until after the plaintiff's time has elapsed for taking any legal action under the agreement, and after the defendant already agreed the jurisdiction would expire on a certain date, to then come in and ask the court to give that defendant something more that she didn't get in the bargain that she originally entered into, I feel is improper. It seems like an improper attempt to unilaterally modify the party's contract. What's the harm here to the plaintiff if it is sealed? If it is sealed? Yes. Well, Judge, Your Honor, I'm glad you asked that. My client, in Section 4 of my brief, I note that many landlords in Chicago can't accept a tenant like Ms. Peoples because of the allegations against her. They just don't have the financial resources to bear that risk. My client can and did, and the risk here, Judge, is that this is public record. Another eviction case was filed against Ms. Peoples by my client, titled 2018-M1-704725, pending in the Circuit Court of Cook County. In that case, we filed that on March 23rd. We obtained an eviction judgment on April 6th. The allegations that form the basis of that eviction lawsuit are extraordinary. Ms. Peoples threatened to blow up and shoot up the building. She broke into a mailroom. She threatened to kill another resident. She used profanity and threatened another employee. And I'm reading the termination notice here. And she grabbed the employee's arm. Were there criminal charges brought? Pardon? Were there criminal charges brought against Ms. Peoples? That I don't know, Your Honor. Okay. All I know is my job is the civil side with the eviction filing. So what harm does my client experience in that? Respectfully, my client, because it rents to many tenants, probably over 5,000 units in the city, maybe 7,000 units, it has an interest in not seeing court files sealed because it needs access to these court records to see whether a particular tenant is going to be a particular risk to them. So, for example, if Habitat had never rented to Sean Peoples, or Morningstar North Apartments is the entity that allegedly rejected her rental application in August 2016 that was referenced in Appellant's brief, if Morningstar North Apartments could not see the fact that this eviction case was filed, it would have no way of knowing if this person is potentially unstable or potentially going to threaten to blow up and shoot up the building and threaten to kill residents and whether it could then financially bear to have that tenant in its property. So my client is an indirect beneficiary of not having this court file sealed because it relies on other landlords doing the same, and that is not sealing these court files because they need to know what kind of tenant they're potentially faced with. There are not a lot of landlords with this many units who can have the resources to whether the attorney's fee incurred in prosecuting this type of lawsuit and now on appeal. Respectfully, that's why I would argue that our client has an interest in this, Your Honor. Going back to Appellant's statement that the court should read into this and or in two different places in the section 9-121B, statute isn't ambiguous merely because somebody said it is, and courts are required to apply the plain language of the statute. Courts have no discretion to rewrite statutes to comport the statute with the court's own understanding of orderliness and public policy. That's a quote directly taken from an RLTO case. It's constantly used when we talk about RLTO matters, but it's applicable here, too. But their argument is that the trial court actually, in viewing and applying the statute on the an where no an existed. Understood, Judge. So I would respectfully say we need to go look at what Senator Furek said in his Senate testimony, and I quote that on page 10 of my brief, of my response brief. And Senator Furek, when he gave testimony about this, he said the court can seal the court file when the court finds that the plaintiff's action has no sufficient basis in fact or law, comma, placing the file under seal is clearly in the interest of justice, comma, and those interests are not outweighed by the public's interest in knowing about the record. I think common usage of commas in our discourse indicate that that statute clearly indicates a three-element statute, that the court is required to find the existence of three separate elements before it can then exercise its discretion to seal the court file. And essentially what Appellant is asking is for this court to find that the trial court, the trial court's decision not to seal the court file was illogical or arbitrary or capricious in that the trial court abused its discretion. Frankly, Your Honors, there's no evidence of that in this record. The trial, even if this court disagreed with the trial court's ruling, that would not constitute sufficient basis to overrule the trial court. I'm referring to the Zicker v. Ellison case, First District 2011, where even if this, Your Honors, disagreed with the trial court's judgment, it's not a sufficient basis to overrule his discretionary finding, if I may. The other issue we have, Your Honors, is that there's no proof in the interest, or there's no proof in this record before, Your Honors, and there was no proof offered at the hearing that it was clearly in the interest of justice and those interests were not outweighed by the public's right to know about this record, that the court should seal the court file. We have no testimony from any landlords who rejected the appellant's rental application. All we have is pure speculation from the appellant that landlords did it for this purpose, which they claim in broad generalities that landlords uniformly reject tenants who have an eviction record and their history. But we're not talking about broad generalities. We're talking about what occurred in this case. What occurred in this case, and there's no evidence from the appellant at the trial court, that a landlord rejected her rental application for an improper purpose in 2015 or 2016. And what I heard counsel say is that a few days after the parties entered their August 2015 settlement agreement, she was rejected for new housing. Well, the question then becomes, why did she wait until two years later to file a motion to seal the court file when the court still retained jurisdiction? And in her brief, I'm sorry, in the last episode where she was allegedly rejected for this filing, it occurred in August 2016 when the trial court still had four more months of retained jurisdiction pursuant to the parties' settlement agreement. I don't think the court can get around the jurisdictional hurdle here, though, with the fact that the parties, by agreement, put a firm, definite date of retained jurisdiction in the trial court, and then the appellant is trying to defend it, is trying to ignore that date, that agreement that she made. I don't think that the court can get around that jurisdictional issue here. Respectfully, we're asking that the court dismiss the appeal for lack of jurisdiction. If the court finds it has jurisdiction, of course, there's certainly no showing that the trial court's decision here was arbitrary or capricious. The trial court was asked whether this action had a sufficient basis in fact or law, and I cite the American Access Casualty case that deals with, well, what's the standard of review for that? And respectfully, I would argue the standard of review for determining whether an action is sufficient without a basis in fact or law is abuse of discretion. And defendant here has not shown that the trial court abused discretion, that its decision was illogical, arbitrary or capricious, in finding that this action had a sufficient basis in fact or law. And the trial court didn't abuse discretion in finding as such because it found that a previous trial judge had denied the defendant's motion for summary judgment, in part, leaving standing one of these allegations. The parties entered into a detailed agreed settlement order specifying certain language couldn't be used and certain hostilities or aggressive actions couldn't be used towards others at the building. And the trial court found that the action didn't lack jurisdiction. What I'm respectfully going a step further, though, on this jurisdiction issue is when that clause was plopped into 9-121B, it was done so after Senator Farrick's testimony because Senator Farrick's testimony is completely empty on it. I think that clause was plopped into 921B before the legislature passed this particular section of the statute because Illinois law for so many years, for over 100 years, had been that a defective termination notice renders a circuit court without subject matter jurisdiction over an eviction action. In fact, this court, Your Honor, in Waypoint v. Samuels in November 2017, 2017-01-16-3080-U, rendered an unpublished decision in a case that I litigated that agreed with my point on this that a termination notice has no bearing on the circuit court's subject matter jurisdiction over eviction. It's an unpublished opinion. It's an unpublished opinion, Your Honor. My apologies. I'll step back. Respectfully, though, because this law had been so firm in Illinois for so many years, going back all the way to Fitzgerald v. Quinn in 1896, that a circuit court obtained subject matter jurisdiction over an eviction action based on how the landlord serves termination notice, that the legislature plugged this section without a basis, including a lack of jurisdiction, so that when a landlord filed an eviction case in whatever court and didn't comply with the service methods requirement in Section 9-211 of the Eviction Act, the trial court, because that's a technical dismissal and the case is just going to get refiled again when the landlord goes and properly serves the notice, the trial court could then exercise discretion and say, okay, this action doesn't have a basis in subject matter jurisdiction because the notice was defectively served, I'm going to go ahead and seal it so there's only one pending court action out there against this defendant instead of showing two pending actions because this one, well, the notice is defective. It doesn't adjudicate the merits of the case. It just goes to this technical notice defect issue. That's my speculation. I have nothing to support that from the legislative history, but knowing that this statute was enacted only a few months after American Management v. Carter, 3rd District 2009 case, that really put this in the forefront of Illinois trial courts that a lease termination notice in Illinois confers jurisdiction on a trial court. Knowing the timeline of those two events, I'm suspecting that's what occurred, and knowing that this court issued its opinion, not this panel, but this court issued its decision in Figueroa v. Deakin, 1st District 2010 case in July, only a month or so after 9-121B was entered, which adopted the American Management v. Carter court's analysis that the trial court in eviction action gets subject matter jurisdiction by service of the termination notice. These three events lead me to believe that this, without this including a lack of jurisdiction language, was placed in there by the legislature to deal with this issue where there's a technical defect, the case is going to get refiled, let's go ahead and seal this one, and we'll deal with the other one. Respectfully, Your Honors, the trial court did not abuse its discretion in this case. We're respectfully asking you to either affirm the trial court's order denying the motion to seal, or respectfully dismiss the appeal for lack of jurisdiction. Thank you for your time, and thank you for this opportunity. Thank you. Briefly. Yes. I'd like to briefly address the jurisdictional issue. I do not believe that Mr. Griffin addressed that this clearly falls in exception. It's a freestanding collateral action. Paul, please don't say what you already said. Yes. Because we know what you said. Yes, Your Honor. So given that we have jurisdiction, I'd like to move to the statutory interpretation. This is not an abuse of discretion question. This is a de novo statutory interpretation question. We're not saying that the court abused its jurisdiction in this case. I'd like to make a point regarding the idea of modifying the settlement agreement. The settlement agreement is contained on page 181 of the record, and it says nothing about sealing or not sealing. Sealing is a separate issue, and the Landlords Council wants this court to magically grow the settlement agreement, like Pinocchio's nose, to encompass sealing. And that's not how contracts work. We can't read contracts like that. In Plaintiff's own brief, they cite Wright v. Chicago, first district case. It says that the rights of a party are limited by the terms in the contract. This document says nothing about sealing, so it can't limit the ability to seal. Furthermore, it's the trial court's decision and discretion to seal. It's not the landlord's decision to seal or the defendant's decision to seal. The court retains that jurisdiction, so we cannot contract away the court's discretion to do that. I'd also like to speak about the interest here. Mr. Griffin said that it was speculative, that it was an improper purpose. We have on page 187 of the record that this claim was denied because it was an eviction record match. We also have Mr. Griffin's own testimony that landlords use these files, whether it's been a summary judgment or whether it's been a dismissal or a settlement, they use this record to deny future housing. That's the improper purpose. We don't need to speculate because that's what Mr. Griffin told us his clients do, and that's what the record on page 187 shows us, is that landlords are going to dismiss and not let tenants find housing when something exists on the record. The plain language is ambiguous. Cases in the lower court have been sealed under that OR language. We cannot bring them to the court because those cases have been sealed. So we know that the language is ambiguous because courts have interpreted it both ways. Courts have sealed under the OR language, and we have appealed that reading of the AND language. I'd like to conclude by saying that we need to remember the legislative intent here. The legislative intent was to protect tenants who have a black mark on their permanent record. This is not a black mark that is going to keep Miss Peoples out of the country club. It's not a black mark that's on her driving record. This is a black mark that destroys her ability to find housing. Plaintiff brought this claim against Miss Peoples and failed to prove it. The case was settled, and plaintiff moved on, but Miss Peoples cannot move on. Because unless and until these unproven allegations are sealed, and whatever future allegations plaintiff wants to discuss are not part of this record and not relevant to this case whatsoever, but unless these unproven allegations are sealed, Miss Peoples will never find new housing. We ask that you read the sealing statute in accordance with its legislative purpose and seal Miss Peoples' court file. Finally, we ask that you publish the case with Miss Peoples' name redacted to set a precedent for other eviction cases. Thank you. Thank you. All right. We want to thank our counselors, particularly counselors from Northwestern. We wish you much success in your future endeavors in the law, and this court will take this matter under advisement. Can I ask one question before you leave? Are you all students or lawyers already? We're students. You're excellent. Yes. Exceptionally good. Just marvelous. I wasn't sure. I know you. I know you. Your business should be popping. They really are excellent. I mean, not to be fabulous, too, but these were just truly well-prepared. Some of the best that we've seen, and I'm not talking about students. I'm talking about the lawyers. Thank you. Good job. Good luck. Hope we didn't keep you from finals.